UNITED STATES DISTRICT COURT
IN THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, for the Use and Benefit of BRICE ENVIRONMENTAL SERVICES CORPORATION, an Alaska corporation,<br><br>Plaintiffs,<br><br>v.<br><br>BHATE ENVIRONMENTAL ASSOCIATES, INC., a Tennessee corporation; and LEXON INSURANCE COMPANY, a Texas corporation,<br><br>Defendants. | Case No. 3:15-CV-00146-RRB<br><br>COMPLAINT FOR SUMS OWING, BREACH OF CONTRACT, VIOLATION OF THE PROMPT PAYMENT ACT, AND AGAINST MILLER ACT PAYMENT BOND |

Plaintiffs, United States of America, for the use and benefit of Brice Environmental Services Corporation (collectively "Brice") hereby allege, state and claim against defendants Bhate Environmental Associates, Inc. and Lexon Insurance Company, as follows:

**I. PARTIES**

1.1 Brice is, and at all times material to this action was, a corporation in good standing organized and existing under the laws of the State of Alaska, and a licensed contractor under the laws of the State of Alaska, which: (a) is authorized to do

COMPLAINT FOR SUMS OWING, BREACH OF CONTRACT, VIOLATION OF THE PROMPT PAYMENT ACT, AND AGAINST MILLER ACT PAYMENT BOND – 1

LAW OFFICES OF
AHLERS & CRESSMAN PLLC
999 THIRD AVENUE, SUITE 3800
SEATTLE, WASHINGTON 98104-4023
(206) 287-9900  Fax: (206) 287-9902

148744.2 / 101364.3

Case 3:15-cv-00146-RRB   Document 1   Filed 08/21/15   Page 1 of 6

business within the State of Alaska; (b) has its principal place of business in Fairbanks, Alaska; and (c) has filed all required corporate reports and paid all corporate taxes that are prerequisite to its rights to commence and prosecute this action.

1.2　Brice performed soil remediation work as a subcontractor to Defendant Bhate Environmental Associates, Inc. ("Bhate") for a large-scale soil cleanup project at the former, Cold War-era radio station near Petersburg, Alaska known as the Duncan Canal Radio Relay Station on Kupreanof Island in Alaska—Project No. 9130165 (the "Project"). The Project was let by the United States of America through the Air Force Civil Engineer Center ("AFCEC").

1.3　Bhate is believed to be a Tennessee corporation. Bhate was the prime contractor to AFCEC on the Project.

1.4　Lexon Insurance Company ("Lexon") is believed to be a Texas corporation doing business in the State of Alaska as a surety and issued the payment bond with respect to the Project – Bond No. 1099751 (the "Bond").

## II. JURISDICTION AND VENUE

2.1　This Court has subject matter jurisdiction, as this case arises under the Miller Act, 40 U.S.C. §§ 3131 and 3133. In accordance with the Miller Act, and as part of its obligations pertaining to the Project, Bhate, as principal, and Lexon, as surety, provided to the United States of America the Bond. Bhate and Lexon are each jointly and severally liable for full payment up to the penal sum of the Bond to persons and entities who supplied labor and materials in connection with the Project, including Brice.

2.2　This Court also has jurisdiction over this dispute pursuant to 28 U.S.C. §§ 1331, 1332, 1352, and 1367, and *United States ex rel. B & D Mech. Contractors, Inc. v. St. Paul Mercury Ins. Co.*, 70 F.3d 1115, 1117 (10th Cir.1995) (holding parties

COMPLAINT FOR SUMS OWING, BREACH OF
CONTRACT, VIOLATION OF THE PROMPT
PAYMENT ACT, AND AGAINST MILLER ACT
PAYMENT BOND – 2
148744.2 / 101364.3

LAW OFFICES OF
AHLERS & CRESSMAN PLLC
999 THIRD AVENUE, SUITE 3800
SEATTLE, WASHINGTON 98104-4023
(206) 287-9900  Fax: (206) 287-9902

are not able to divest the federal courts of exclusive jurisdiction with a forum selection clause selecting a state court forum).

2.3 This action involves a payment dispute on a Federal Government construction project in Petersburg, Alaska. Venue is proper in this Judicial District, pursuant to 28 U.S.C. § 1391 and 40 U.S.C. § 3133(b)(3)(B), because the Project is located in this Judicial District, and the events or omissions giving rise to the claims occurred in this District.

### III. FIRST CAUSE OF ACTION: BREACH OF CONTRACT

3.1 Brice repeats and restates all previous paragraphs as though fully set forth herein.

3.2 Brice entered into a written subcontract (the "Subcontract") with Bhate, by which Brice agreed to provide labor and materials in connection with the Project. The agreed initial Subcontract price to be paid to Brice was $3,605,350.00.

3.3 On or about January 6, 2015, Brice submitted to Bhate a Request for Equitable Adjustment ("REA") for compensation due and owing to Brice for Bhate's standby directives, changed and added scope as well as other impacts caused by Bhate's disruption and interference with Brice's work. This REA was later amended when Brice was directed by Bhate not to complete its remaining 2015 work. While Brice understands Bhate is pursuing a claim against AFCEC which potentially includes portions of Brice's REA, Bhate, despite repeated demand from Brice, has not provided Brice with a substantive response to Brice's REA, an update as to the status of that process, or a copy of Bhate's request submitted to AFCEC.

3.4 Ultimately, regardless of the claims Bhate is pursuing against AFCEC, Bhate has failed to pay sums owing to Brice in accordance with the Subcontract and, therefore, has breached the Subcontract with Brice. Bhate owes Brice such damages as

COMPLAINT FOR SUMS OWING, BREACH OF
CONTRACT, VIOLATION OF THE PROMPT
PAYMENT ACT, AND AGAINST MILLER ACT
PAYMENT BOND – 3
148744.2 / 101364.3

LAW OFFICES OF
AHLERS & CRESSMAN PLLC
999 THIRD AVENUE, SUITE 3800
SEATTLE, WASHINGTON 98104-4023
(206) 287-9900   Fax: (206) 287-9902

Case 3:15-cv-00146-RRB   Document 1   Filed 08/21/15   Page 3 of 6

will be proved at trial, which for purposes of this Complaint are stated to be a sum not less than $1,111,008 together with prejudgment interest, actual disbursements, attorneys' fees, and costs, as the reasonable, unpaid value of Brice's work.

## IV. SECOND CAUSE OF ACTION: CLAIM AGAINST PAYMENT BOND UNDER MILLER ACT

4.1 Brice repeats and restates all previous paragraphs as though fully set forth herein

4.2 Bhate has failed to pay Brice the principal sum of $1,111,008 or such other sum as will be proven at trial.

4.3 At the time of filing suit, more than ninety (90) days, but less than one (1) year, have expired from the last date upon which Brice furnished labor, equipment, and materials to the Project. Brice has otherwise satisfied all the requirements for pursuing a claim against the Bond.

4.4 Further, on June 26, 2015, Brice provided both Bhate and Lexon notice of Brice's Miller Act claim. Nevertheless, neither Bhate nor Lexon have issued payment for the outstanding sums due and owing to Brice.

4.5 In accordance with the terms of the Bond and Miller Act, Bhate and Lexon are jointly and severally liable to Brice for a sum not less than $1,111,008, or such other sum as will be proven at trial, together with interest at the maximum rate legally permissible from the date said sums were due, any late payment interest penalty as provided under the Prompt Payment Act, costs, actual disbursements, attorneys' fees, and such other amounts as may be proven at trial and to which Brice is entitled either by statute or under the Subcontract.

COMPLAINT FOR SUMS OWING, BREACH OF
CONTRACT, VIOLATION OF THE PROMPT
PAYMENT ACT, AND AGAINST MILLER ACT
PAYMENT BOND – 4
148744.2 / 101364.3

LAW OFFICES OF
AHLERS & CRESSMAN PLLC
999 THIRD AVENUE, SUITE 3800
SEATTLE, WASHINGTON 98104-4023
(206) 287-9900  Fax: (206) 287-9902

Case 3:15-cv-00146-RRB   Document 1   Filed 08/21/15   Page 4 of 6

# V. THIRD CAUSE OF ACTION: VIOLATION OF PROMPT PAYMENT ACT

5.1 Brice repeats and restates all previous paragraphs as though fully set forth herein

5.2 Bhate's conduct in failing and refusing to pay Brice for all labor and materials it provided to the Project is a violation of 31 U.S.C. § 3901, *et seq.* ("the Prompt Payment Act"). As a consequence, pursuant to the Prompt Payment Act, Brice is entitled to be paid the full Subcontract balance, as well as the statutory late payment interest penalty calculated beginning the day after the required payment date.

# VI. SUBCONTRACT DISPUTE RESOLUTION PROVISIONS

6.1 Brice repeats and restates all previous paragraphs as though fully set forth herein.

6.2 The parties, by Subcontract, agreed to mediate and arbitrate disputes between them prior to litigation. Pursuant to the Miller Act, (40 U.S.C.A. §§ 3131-3134), however, Brice is required to bring this action in federal court to preserve its statutory rights. By bringing this action, Brice is not waiving any contractual requirements under the Subcontract including mediation and/or arbitration and, with full reservation of rights, is willing to agree to stay the matter until any required conditions precedent are met, provided that Bhate expeditiously commences and completes any necessary contractual dispute resolution processes and provides Brice evidence thereof.

# VII. PRAYER FOR RELIEF

WHEREFORE, Brice requests Final Judgment in its favor as follows:

A. Against Bhate and Lexon, jointly and severally, for a sum not less than $1,111,008, or such other sum as will be proven at trial, plus interest at the maximum

COMPLAINT FOR SUMS OWING, BREACH OF
CONTRACT, VIOLATION OF THE PROMPT
PAYMENT ACT, AND AGAINST MILLER ACT
PAYMENT BOND – 5
148744.2 / 101364.3

LAW OFFICES OF
AHLERS & CRESSMAN PLLC
999 THIRD AVENUE, SUITE 3800
SEATTLE, WASHINGTON 98104-4023
(206) 287-9900  Fax: (206) 287-9902

Case 3:15-cv-00146-RRB   Document 1   Filed 08/21/15   Page 5 of 6

rate legally permissible from the date said sums were due, the late payment interest penalty as provided under the Prompt Payment Act, actual disbursements, attorneys' fees, and costs and business destruction/diminution damages in an amount to be proved at time of trial;

  B. For attorneys' fees and costs in accordance with the Subcontract or other applicable law; and

  C. For such other and further legal and equitable relief as the Court may deem just and proper under the circumstances.

  DATED: This 21st day of August, 2015.

          AHLERS & CRESSMAN PLLC

         By: */s/ John P. Ahlers*
         John P. Ahlers, ASB 0707048
         999 Third Avenue, Suite 3800
         Seattle, Washington 98104-4088
         Telephone: (206) 287-9900
         Facsimile: (206) 287-9902
         Attorneys for Plaintiffs

COMPLAINT FOR SUMS OWING, BREACH OF CONTRACT, VIOLATION OF THE PROMPT PAYMENT ACT, AND AGAINST MILLER ACT PAYMENT BOND – 6
148744.2 / 101364.3

LAW OFFICES OF
AHLERS & CRESSMAN PLLC
999 THIRD AVENUE, SUITE 3800
SEATTLE, WASHINGTON 98104-4023
(206) 287-9900  Fax: (206) 287-9902

Case 3:15-cv-00146-RRB   Document 1   Filed 08/21/15   Page 6 of 6